STOCKARD & JONES v. MORGAN.

(*Knoxville.*    September 29, 1900.)

MERCHANDISE BROKERS.    *Liability for privilege tax declared.*

The privilege tax laid upon merchandise brokers is one laid upon a distinct occupation exercised within the State, and not upon the business of those who employ or operate through such agency, whether residents or nonresidents, and is not, therefore, obnoxious to the commerce clause of the Federal Constitution, even if the business done by such agency is, in part or even in whole, for nonresidents.

Case cited: 145 U. S., 1.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

PRITCHARD & SIZER and R. P. WOODARD for Stockard & Jones.

Attorney-general PICKLE and R. B. COOKE for Morgan.

SNODGRASS, Ch. J.    This cause, and those heard with it, involve three questions: First, Are complainants merchandise brokers within the meaning of the Tennessee revenue law, imposing a tax

on such brokers? and, second, does the tax apply to them? and, third, if it has such application, is it a valid constitutional statute, and not obnoxious to the interstate commerce clause of the Federal Constitution?

The question of fact we decide affirmatively. We content ourselves on this point with reference to the agreed facts without reciting them, and to the very discriminating application of the law thereto in an almost precisely similar case decided by the Supreme Court of Alabama at its November term, 1895. *Stratford* v. *City of Montgomery,* 110 Ala., 619.

We hold that the law applies to complainants, and is not unconstitutional.

In the Alabama case cited the Court shows very clearly the distinction that exists between a mere agent of a foreign principal and a merchandise broker whose business is conducted on the line of sales for foreign and to domestic patrons. After drawing this distinction with great force and clearness, the Alabama Court holds that such brokers stand in the same nontaxable relation as do mere agents, and that a privilege tax on the exercise of such a business is a tax on interstate commerce.

We do not think so. The law does not discriminate. The tax is on the privilege of doing such a business in the State without regard to the customers sought or principals represented.

The thing taxed is the occupation of merchandise brokerage, not the business of those employing, whether they be domestic or foreign principals. The principals secured by the brokers are at their option. The law confines them to neither foreign nor domestic. It authorizes the business in this State, protects it, and reasonably taxes it for such permission and protection.

It gives to such business the right of competition with other privileged occupations, and charges those engaged in it only as it charges others, reasonably and proportionately to the respective advantages of each. To hold otherwise would be to declare that there could be no tax on the occupation of merchandise brokerage unless those employed in it should appear to confine their business done here to representation of special principals.

We think the view here taken in accord with that expressed by this Court in *Ficklen* v. *Shelby Co. Taxing District,* affirmed by the Supreme Court of the United States, 145 U. S., 1.

The decree of the Chancellor is therefore reversed, and bill dismissed with cost.